| | |
|---|---|
| STATE OF WYOMING ]<br>            ]ss.<br>COUNTY OF PARK    ] | IN THE DISTRICT COURT<br>FIFTH JUDICIAL DISTRICT<br>CIVIL NO.  29377 |
| TRINITY TEEN SOLUTIONS, INC.,<br>a Wyoming Corporation<br><br>**Plaintiff**<br><br>-vs-<br><br>UNITED BEHAVIORAL HEALTH, a<br>California Corporation, d/b/a Optum<br><br>**Defendant.** | PATRA LINDENTHAL<br>Clerk of District Court<br><br>FILED **JAN 2 8 2019**<br>by___LYNELL PRESTON___<br>Deputy |

## COMPLAINT

COMES NOW, the Plaintiff Trinity Teen Solutions, Inc., by and through S. Joseph Darrah, and files its Complaint against Defendant as follows:

### *Facts Common to All Claims*

1. Plaintiff Trinity Teen Solutions, Inc. (TTS) is a Wyoming corporation which operates a Residential Treatment Center legally authorized by the State of Wyoming to provide behavioral and mental health services in Park County, Wyoming.

2. TTS provides therapy and treatment for teenage women struggling with serious behavioral and mental health issues. TTS has provided therapy and treatment to these individuals for 16 years.

3. Defendant United Behavioral Health is a California corporation authorized to do business in Wyoming. United Behavioral Health does business as, *inter alia*, Optum. United Behavioral Health's communications in this matter are prominently branded as communications from "Optum", and TTS will generally refer to United Behavioral Health as Optum herein, unless circumstances dictate otherwise. Optum has an address for service of process at 425 Market St, San Francisco, California 94105.

4. United Healthcare Services, Inc., is a Minnesota corporation authorized to do business in Wyoming.

5. The events which give rise to this Complaint predominately took place in Park County, Wyoming. The conduct of Defendant, as alleged herein, was intentionally directed by Defendant at Plaintiff's operations located in Wyoming. Therefore, venue is proper in this Court.

6. This Court has jurisdiction because this is a declaratory judgment action, and because the amount in controversy is sufficient to invoke the jurisdiction of this Court.

7. This case involves a claim for declaratory relief. The amount in controversy is less than $75,000.00. Therefore, jurisdiction is appropriate.

8. Between May 24, 2016 and October 27, 2016, TTS provided treatment services to a young woman identified herein as N.E.

9. Optum preauthorized these services.

10. The identity of N.E. is known to Optum. TTS intends to timely file an appropriate motion for protective Order, so that further information regarding N.E. can be filed with the Court without compromising patient confidentiality.

11. United Healthcare Services, Inc. paid a total of $113,144.15 for care provided to N.E. The last of the payments for care provided to N.E. was received on or about November 25, 2016.

**The Contract Between United Healthcare and TTS**

12. TTS is an "out of network" facility for United Healthcare Services and Optum, and there is no contract or agreement between TTS and Optum or between TTS and United Healthcare Services, Inc., other than as established for a particular patient and course of care.

13. TTS agreed to provide services to N.E. United Healthcare likewise agreed to pay for the services. TTS provided the services. United Healthcare paid for the services. The final payment that United Healthcare made to TTS was, and should have been, the end of the matter.

14. Optum has demanded that TTS return money to Optum, for alleged overpayments made by United Healthcare for care provided to N.E.

15. Optum does not, because it cannot, allege that TTS failed to provide the

services that TTS agreed to provide. Instead, Optum claims that it is entitled to a return of funds paid because TTS allegedly failed to comply with various Optum guidelines and documentation rules. Optum argues, for example, that Optum's guidelines and documentation rules require that an individual provider's licensure status be set forth repeatedly, again and again, every time the provider cares for a patient. As another example, Optum improperly contends that treatment documentation fails to comply with Optum's particular, specific rules and guidelines during the course of treatment for N.E.

16. TTS relied on preauthorizations provided by Optum and United Healthcare when it provided care to N.E.

17. TTS never agreed to comply with Optum's criteria, level of care guidelines, or documentation rules in its care of N.E.

18. The guidelines and procedural rules now asserted by Optum are not part of any contract between Optum and TTS and are not part of the contract between United Healthcare and TTS. Whether or not TTS complied with Optum's guidelines and documentation rules simply has no bearing on United Healthcare's contractual obligation to pay for the services it promised to pay for.

### The Contract Between N.E. and United Healthcare

19. N.E. was covered under a health plan or health insurance policy issued or administered by United Healthcare, an entity that is separate and distinct from Optum.

20. Optum's rights and obligations with respect to N.E. arise out of an agreement between N.E.'s family and United Healthcare, or between N.E.'s family and a welfare benefit plan, which in turn has an agreement with United Healthcare. While TTS has not seen the documents that comprise this agreement, TTS alleges, on information and belief, that this agreement complies with all applicable laws, either by its express terms or by operation of law.

21. It would be patently unlawful for United Healthcare, as a health plan or health insurer, to pursue the course that Optum is pursuing against TTS. Doing so is inconsistent with the substantive and procedural rules that apply to health plans and health insurers. These substantive and procedural rules are incorporated in every health plan and health insurance policy, either expressly or by operation of law.

22. According to black letter law, an assignee can be given no greater rights than the rights of the assignor. In the instant matter, Optum is improperly asserting greater rights as an assignee than United Healthcare held as

assignor.

23. Because the contract between United Healthcare and N.E.'s family does not allow United Healthcare to pursue recovery of benefits in a way that is inconsistent with substantive and procedural rules that apply to health plans and health insurers, Optum (as United Healthcare's assignee) has no right to do so either. Furthermore, the guidelines and procedural rules relied upon by Optum are not part of the agreement between United Healthcare and N.E.'s family. As a result, the agreement between United Healthcare and N.E.'s family does not support Optum's demand for repayment of benefits.

**The Contract Between United Healthcare and Optum**

24. On information and belief, Optum's rights and obligations with respect to N.E. are established under and arise out of an agreement between United Healthcare and Optum. While TTS has not seen the documents that comprise this agreement, TTS alleges, on information and belief, that this agreement complies with all applicable laws, either by its express terms or by operation of law.

25. The contract between United Healthcare and Optum does not bestow upon Optum the right to pursue recovery of benefits in a way which is inconsistent with applicable substantive and procedural rules that apply to health plans and health insurers.

26. Optum has no valid contractual or other legal right to seek the relief that it seeks from TTS.

### First Claim for Relief: Declaratory Judgment

27. Plaintiff re-alleges each and every paragraph above as if alleged herein.

28. Optum's claim that it has a right to a return of amounts paid to TTS, by way of refund, recoupment, set-off-or otherwise, has no valid legal basis.

29. Plaintiff seeks a declaration from this Court that:

    a. Any contract between Optum and TTS does not include any requirement that TTS comply with Optum's guidelines or procedural rules; and

    b. The contract between United Healthcare and TTS does not include any requirement that TTS comply with Optum's guidelines or procedural rules; and

    c. Neither Optum nor United Healthcare has a right to recover the amounts Optum seeks to recover; and

    d. None of the contracts that establish or support Optum's claimed right of recovery with respect to N.E. grant Optum a contractual right to recover the benefits Optum seeks to recover.

30. Wyo. Stat. § 1-37-103 provides:

> Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by the Wyoming constitution or by a statute, municipal ordinance, contract or franchise, may have any question of construction or validity arising under the instrument determined and obtain a declaration of rights, status or other legal relations.

31. Wyo. Stat. § 1-37-102 provides that "[t]he declaration may be either affirmative or negative in form or effect."

32. Declaratory relief is appropriate because:

    a. A judgment or decree will terminate the controversy or remove any uncertainty regarding the rights and obligations of the parties;

    b. TTS has a direct, substantial and present interest in resolution of the actual controversy, including its obligations with respect to N.E., and also with respect to any uncertainty that may arise as it pertains to future patients who receive health benefits or coverage, under a plan or policy that assigns rights and obligations to Optum;

    c. There is a very real, actual and substantial controversy in which a claim to recoupment is asserted by Optum against TTS, which has an interest in contesting such claim;

    d. The controversy is between parties who are adverse and antagonistic;

    e. The controversy is one upon which the judgment of this Court will effectively operate and will resolve the controversy once and for all;

  f. The judicial determination of controversy will have the force and effect of a final judgment in law or decree in equity upon the rights, status or other legal relationships the real parties in interest; and

  g. A judicial determination related to Defendant's contention that it has a right to recover, by set-off or otherwise, amounts paid to TTS for services provided to N.E., will not only resolve the instant dispute, but will fix the rights of the parties in the future.

33. Upon declaration by the Court that Optum is not allowed to receive any return of payments it previously made for services provided by TTS to N.E., or upon entry of an Order granting some or all of the relief requested herein, Plaintiff reserves the right to seek supplemental relief as allowed under Wyo. Stat. § 1-37-110.

34. Absent a declaration from this Court, Optum's conduct will continue unabated and will result in TTS and patients continuing to suffer losses and economic harm through the uncertainty of Plaintiff's ability or desire to continue to provide treatment to individuals who receive health benefits or coverage, under a plan or policy that assigns rights and obligations to Optum.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant and award the declaratory relief sought, including but not

limited to the declaration that Optum is not allowed to recoup any payments it made to Plaintiff, as well as supplemental relief upon application to the Court, and any other appropriate relief under the circumstances to remedy to wrongful conduct created by Defendant, together with costs, and any applicable attorneys fees and such other further relief the court deems just and equitable in the premises.

DATED this 28 day of January, 2019.

DARRAH LAW OFFICE, P.C.

By _____
S. Joseph Darrah, WSB#6-2786
Attorney for Plaintiff
254 E. 2nd Street
Powell, WY 82435
(307)754-2254
(307)754-5656 fax
joey@darrahlaw.com