UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | |
|---|---|
| Trinity Teen Solutions, Inc., a Wyoming Corporation,<br><br>               Plaintiff,<br><br>vs.<br><br>United Behavioral Health, a California Corporation, d/b/a Optum,<br><br>               Defendant. | Court File No.: 19-CV-45-SWS<br><br>**ANSWER OF DEFENDANT UNITED BEHAVIORAL HEALTH** |

For its Answer to Plaintiff, Trinity Teen Solutions, Inc.'s ("TTS" or "Plaintiff") Complaint, Defendant United Behavioral Health ("UBH" or "Defendant") (incorrectly named as "United Behavioral Health, a California Corporation, d/b/a Optum") admits, denies, and alleges as follows:

***Facts Common to All Claims***

1.    UBH is without sufficient information to admit or deny the allegations in Paragraph 1 of the Complaint and therefore denies the same.

2.    UBH is without sufficient information to admit or deny the allegations in Paragraph 2 of the Complaint and therefore denies the same.

3.    With respect to the allegations in Paragraph 3 of the Complaint, UBH admits that it is a California Corporation authorized to do business in Wyoming and that correspondence related to this matter has issued from OptumHealth Care Solutions, Inc. UBH denies the remaining allegations in Paragraph 3 of the Complaint.

4.    UBH admits the allegations in Paragraph 4 of the Complaint. UBH affirmatively alleges that United Healthcare Services, Inc. ("United") is the claims administrator for the Celanese

Americas, LLC Choice Plus HDHP 100 Plan ("Plan"), which is the Plan at issue in this matter, and consequently, United is an indispensable party.

5. The allegations in Paragraph 5 of the Complaint set forth a legal conclusion for which no response is required. To the extent a response is required, UBH denies the allegations in Paragraph 5 of the Complaint.

6. The allegations in Paragraph 6 of the Complaint set forth a legal conclusion for which no response is required. To the extent a response is required, UBH denies the allegations in Paragraph 6 of the Complaint.

7. The allegations in Paragraph 7 of the Complaint set forth a legal conclusion for which no response is required. To the extent a response is required, UBH denies the allegations in Paragraph 7 of the Complaint.

8. With respect to the allegations in Paragraph 8 of the Complaint, UBH admits that the documents in the administrative record indicate that TTS provided treatment services to N.E. from May 24, 2016, to October 27, 2017.

9. With respect to the allegations in Paragraph 9 of the Complaint, UBH admits that it preauthorized certain services provided by TTS to N.E.

10. UBH admits the allegations in Paragraph 10 of the Complaint.

11. UBH is without sufficient information to admit or deny the allegations in Paragraph 11 of the Complaint and therefore denies the same.

**The Contract Between United Healthcare and TTS**

12. With respect to the allegations in Paragraph 12 of the Complaint, UBH admits that TTS is an out-of-network provided and that there is no contract between UBH and TTS. UBH denies the remaining allegations in Paragraph 12 of the Complaint.

13. With respect to the allegations in Paragraph 13 of the Complaint, UBH admits that it agreed to pay for certain services provided to N.E. pursuant to the terms of the Plan and UBH's reimbursement policies based on the information that was available to it at that time. UBH denies the remaining allegations in Paragraph 13 of the Complaint.

14. UBH admits the allegations in Paragraph 14 of the Complaint.

15. With respect to the allegations in Paragraph 15 of the Complaint, UBH admits that certain funds paid to TTS are required to be returned pursuant to the terms of the Plan and UBH's reimbursement policies. UBH denies the remaining allegations in Paragraph 15 of the Complaint.

16. UBH is without sufficient information to admit or deny the allegations in Paragraph 16 of the Complaint and therefore denies the same.

17. UBH denies the allegations in Paragraph 17 of the Complaint.

18. UBH denies the allegations in Paragraph 18 of the Complaint.

**The Contract Between N.E. and United Healthcare**

19. With respect to the allegations in Paragraph 19 of the Complaint, UBH admits that United is the third-party claims administrator for the Plan and that N.E. was a covered member under the terms of the Plan. UBH denies the remaining allegations in Paragraph 19 of the Complaint.

20. With respect to the allegations in Paragraph 20 of the Complaint, UBH admits the Plan and its reimbursement policies govern the benefit claims at issue in the Complaint and UBH's recovery rights. UBH denies the remaining allegations in Paragraph 20 of the Complaint.

21. UBH denies the allegations in Paragraph 21 of the Complaint.

22. UBH denies the allegations in Paragraph 22 of the Complaint.

23. UBH denies the allegations in Paragraph 23 of the Complaint.

**The Contract Between United Healthcare and Optum**

24. UBH denies the allegations in Paragraph 24 of the Complaint.

25. UBH denies the allegations in Paragraph 25 of the Complaint.

26. UBH denies the allegations in Paragraph 26 of the Complaint.

**First Claim for Relief: Declaratory Judgment**

27. UBH incorporates by reference the proceeding Paragraphs of this Answer as if fully set forth herein.

28. The allegations in Paragraph 28 of the Complaint set forth a legal conclusion for which no response is required. To the extent a response is required, UBH denies the allegations in Paragraph 28 of the Complaint.

29. UBH denies that TTS is entitled to a declaration from the Court as set forth in Paragraph 29 of the Complaint, including subparts (a)-(d).

30. The allegations in Paragraph 30 of the Complaint set forth a legal conclusion for which no response is required. To the extent a response is required, UBH denies the allegations in Paragraph 30 of the Complaint.

31. The allegations in Paragraph 31 of the Complaint set forth a legal conclusion for which no response is required. To the extent a response is required, UBH denies the allegations in Paragraph 31 of the Complaint.

32. UBH denies that declaratory relief is appropriate as set forth in Paragraph 32 of the Complaint, including subparts (a)-(g).

33. The allegations in Paragraph 33 of the Complaint set forth a legal conclusion for which no response is required. To the extent a response is required, UBH denies the allegations in Paragraph 33 of the Complaint.

34. UBH denies the allegations in Paragraph 34 of the Complaint. UBH further denies that TTS is entitled to relief sought in the WHEREFORE clause following Paragraph 34 of the Complaint.

## **AFFIRMATIVE DEFENSES**

For its separate, alternative, and affirmative defenses, UBH states and alleges as follows:

1. The Complaint fails to state a claim against UBH upon which relief may be granted.

2. The Complaint should be dismissed for failure to join an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure.

3. To the extent that Plaintiff is pleading state law claims, those claims are preempted by the Employer Retirement Income Security Act of 1974 ("ERISA").

4. Plaintiff's claims are barred for failure to follow the terms and conditions of the Plan and applicable reimbursement policies, and their conditions precedent.

5. Plaintiff's claims are barred for failure to exhaust administrative remedies.

6. Plaintiff's claims are barred as the claim determination was not arbitrary, capricious, unreasonable, or made in bad faith.

7. To the extent that Plaintiff is entitled to recover benefits under the Plan, such recover is subject to set-offs pursuant to the terms and conditions of the Plan.

8. UBH expressly reserves and does not knowingly or intentionally waive any available affirmative defenses set forth in Rules 8 or 12 of the Federal Rules of Civil Procedure, or under applicable law, which discovery may reveal to be applicable, or any other matter constituting an avoidance or affirmative defense.

Dated: March 8, 2019

_____
Amy M. Iberlin (WSB # 7-5322)
**Williams, Porter, Day & Neville, P.C.**
159 North Wolcott, Ste. 400
Casper, WY 82602
Telephone: (307) 265-0700
E-mail: aiberlin@wpdn.net

**ATTORNEY FOR DEFENDANT UNITED BEHAVIORAL HEALTH**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via Certified Mail and e-mail, Return Receipt Requested to the following counsel of record on this 8th day of March, 2019:

S. Joseph Darrah
254 E. 2nd Street
Powell, Wyoming 82435
joey@darrahlaw.com

Gregory B. Heller
Young Ricchiuti Caldwell & Heller, LLC
1600 Market Street
Suite 3800
Philadelphia, PA 19103
gheller@yrchlaw.com

_____
Williams, Porter, Day & Neville, P.C.