UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

---

| | |
|---|---|
| Trinity Teen Solutions, Inc., a Wyoming Corporation,<br>     Plaintiff,<br>vs.<br>United Behavioral Health, a California Corporation, d/b/a Optum,<br>     Defendant. | No. 19-CV-45-SWS |

---

**BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION TO REMAND**

  Plaintiff Trinity Teen Solutions, Inc. ("TTS") filed this action in state court in Wyoming on January 28, 2019. Defendant United Behavioral Health ("UBH") filed a timely notice of removal.

  Plaintiff's complaint has one claim for relief: a request for declaratory relief under the Wyoming Declaratory Judgment Act, Wyo. Stat. Ann. § 1-37-101 *et seq.*, establishing the Wyoming law contract rights of Trinity Teen Solutions and UBH, with respect to care that was provided by TTS in Wyoming to a patient identified as N.E.

  UBH contends that this action nevertheless arises under federal law, and that this action was therefore properly removed to federal court, because N.E. was covered under a self-funded employee benefit plan falling with the scope of the Employee Retirement Income Security Act of 1974 ("ERISA"). UBH's position is inconsistent with settled federal law.

It is blackletter law that "[t]he litigant asserting jurisdiction must carry the burden of proving it by a preponderance of the evidence." *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

UBH has not carried, and cannot carry, its burden of establishing that TTS's claims are claims arising under federal law, and this matter should be remanded to State court.

The legal principles that apply here are long established and well settled.

Federal courts have jurisdiction in this matter only if it is a case "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The inquiry into whether or not a particular case "arises under federal law" typically turns only and entirely on plaintiff's complaint, under what is known as the "well-pleaded complaint rule". *See Aetna Health v. Davila*, 124 S.Ct. 2488, 2494 (2004) (collecting cases). If a complaint does not mention or refer to federal law, there is typically no federal jurisdiction. Plaintiff's one-count complaint in the instant matter makes no reference to federal law, and under the general well-pleaded complaint rule there is no jurisdiction and the case is not removable. Plaintiff does not expect UBH to dispute this simple foundational premise.

Instead, UBH relies upon a doctrine known as complete preemption, which renders a state-law claim a removable federal claim "when a federal statute wholly displaces the state-law

cause of action through complete pre-emption." *Davila*, 124 S.Ct. at 2495 (quoting *Beneficial Nat. Bank v. Anderson*, 529 U.S. 1, 8, 123 S.Ct. 2058 (2003)). "This is so because 'when the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality a claim based on federal law'." 124 S.Ct. at 2495 (quoting *Beneficial Nat. Bank* at 8).

The United States Supreme Court has held that "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by ERISA § 502(a)(1)(B)." *Davila*, 124 S.Ct. at 2497 (citing *Metropolitan Life Ins. Co. v. Taylor*, 107 S.Ct. 1542 (1987); *see also Salzer v. SSM Health Care of Oklahoma*, 762 F.3d 1130, 1134-35 (10th 2014) (applying *Davila* analysis to complete preemption inquiry). This is a two-part inquiry: (a) could the plaintiff have brought the claim under ERISA section 502(a)(1)(B); and (b) is there no other independent legal duty implicated by the defendant's actions. The two-part formulation set forth by the Supreme Court in *Davila* expressly requires that both elements be present for complete preemption to apply (because the Court uses the term "and" when it connects the elements). Complete preemption is not a blank check permitting removal of any ERISA-adjacent case. Quite to the contrary, the complete preemption inquiry requires a careful examination of what a section 502(a)(1)(B) claim is, and a careful examination of the claims a plaintiff has chosen to pursue.

Section 502(a) of ERISA provides, in relevant part, as follows:

A civil action may be brought—

**(1)** by a participant or beneficiary—

> . . . .
>
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

29 U.S.C.A. § 1132(a).  The claim that TTS is pursuing here is not a claim that could be brought under this provision.

### A. Optum Has Not Established That TTS Has Standing Under Section 502(a)(1)(B).

Standing is a prerequisite to any claim under section 502(a)(1)(B).

Section 502(a)(1)(B) permits an action by a participant or beneficiary.  TTS is not a participant and is not a beneficiary.  It is anticipated that UBH will argue that TTS could proceed as an assignee of N.E.'s claims, but that proposition has not been established.  While TTS did obtain an assignment of benefits from N.E., many ERISA plan documents expressly prohibit such assignments, and these anti-assignment provisions are often enforceable and enforced, thereby rendering the assignments a nullity with respect to claims under ERISA section 502(a). *See, e.g., St. Francis Regional Medical Center v. Blue Cross and Blue Shield of* Kansas, 49 F.3d 1460, 1464 (10th Cir. 1995); *see also American Orthopedic & Sports Medicine v. Independence Blue* Cross Blue Shield, 890 F.3d 445 (3d Cir. 2018) (collecting cases on enforceability of anti-assignment provisions in ERISA plans).

UBH has, for its own reasons, chosen not to provide the applicable ERISA plan documents, so there is no way for this Court to evaluate whether or not the assignment obtained from N.E. is valid and enforceable. The burden of establishing complete preemption and therefore removal jurisdiction falls on UBH, not on TTS, and for this reason alone, remand is appropriate.

UBH's assignment theory also has another foundational infirmity. Standing under section 502(a) is only available to current participants and beneficiaries. "[S]tanding to sue under ERISA is assessed as of the time the complaint is filed." *Hansen v. Harper Excavating, Inc.,* 641 F.3d 1216, 1225 (10th Cir. 2011). In order to establish TTS's standing under an assignment theory, then, UBH would need to establish that TTS's assignor (that is, N.E.) is currently a member of the (as yet undisclosed) ERISA plan on which UBH relies. UBH has, for its own reasons, chosen not to make this allegation; in fact its notice of removal is completely silent on N.E.'s current status as a plan member. For this reason, also, UBH has not established and cannot establish complete preemption.

**B. Even if TTS Had Standing, TTS's Claim Is Not A Section 502(a)(1)(B) Claim.**

The one-count declaratory judgment claim filed by TTS is simply not an action "to recover benefits due to a plan member] under the terms of the plan, to or enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan". 29 U.S.C. § 1132(a)(1)(B).

This is not an action to recover benefits due. Whatever benefits were due from an ERISA plan were already paid. A plaintiff cannot sue to recover something he already has.

This is not an action to enforce N.E.'s rights under the terms of any ERISA plan. Rather, it is an effort to obtain a declaration regarding contract rights as between TTS and UBH. UBH agreed to pay for services; TTS provided the services; UBH paid for the services. Whether or not this contractual arrangement leaves room for UBH's refund demand is a question that depends only and entirely on Wyoming contract law, not ERISA.

And this is not an action to enforce a plan member's future rights under the terms of an ERISA plan. TTS has not brought and cannot bring any such claim. N.E. is no longer a TTS patient. Even if there were some hypothetical possibility N.E. could return as a patient in the future, such a possibility (uncertain care, at an uncertain time, with an uncertain ERISA plan) is not a justiciable controversy.

Thus, UBH's complete preemption fails under the first prong of the *Davila* inquiry.

**C. TTS Relies on Legal Duties Other Than ERISA.**

UBH's complete preemption argument also fails under the second prong of the *Davila* analysis.

Removal is appropriate only where "there is no other independent legal duty [other than ERISA] that is implicated by a defendant's actions." In this case, there is an independent legal duty: namely, Wyoming contract law. Wyoming law does not permit a party to unilaterally insert a new provision into a contract, after contracted-for services have been performed and

contracted-for consideration has been paid.  If UBH disputes that proposition, that dispute is a matter of Wyoming state law duties, not federal ERISA law.

The Tenth Circuit's decision in *Salzer v. SSM Health Care of Oklahoma*, 762 F.3d 1130 (10th 2014) is instructive, and on point.  In that case, an individual plaintiff brought suit against a health care provider, alleging that the provider should have collected payments from the plaintiff's health plan, not the plaintiff.  Plaintiff filed a six-count complaint against the provider in state court; the case was then removed based on ERISA.

Applying the *Davila* complete preemption analysis, the Tenth Circuit found that complete preemption did not apply to claims alleging that the defendant provider had breached its claims under the agreement between the provider and the plaintiff's health insurance company.  "The Provider Agreement may be related to the Plan in some way, but on the record before us, [the removing defendant] has not shown that the Plan 'forms an essential part,' *Davila*, 542 U.S. at 213, 124 S.Ct. 2488, of [plaintiff's] claims".  762 F.3d at 1136.  Thus, the Court found, claims for breach of contract, violation of the Oklahoma Consumer Protection Act, deceit, specific performance, and punitive damages were all outside the scope of complete preemption.  762 F.3d at 1135, 1137.

The Tenth Circuit did find complete preemption (and therefore a basis for removal) in the plaintiff's claim that the defendant healthcare provider had failed to provide discounts for medical services that the plaintiffs were entitled to "according to each class member's contract for health insurance."  762 F.3d at 1137.  This claim depended on the terms of the insurance

policies that constituted (or more precisely set forth the applicable terms of) the ERISA plan. Without the ERISA plan documents (in other words, without the insurance policies), the discount claims could not be proven or pursued. That is, simply put, not this case. TTS is not claiming the right to any insurance discounts. Rather, TTS's claims are essentially identical to the contract claim raised in *Salzer*, which the Tenth Circuit squarely concluded was not subject to complete preemption.

Cases from other United States Courts of Appeals are entirely in accord. *See McCullough Orthopedic Surgical Services PLLC v. Aetna*, 857 F.3d 141 (2d Cir. 2017) (state-law claim for promissory estoppel brought by a provider against ERISA plan administrator not completely preempted; ordering case remanded to state court); *Franciscan Skemp Healthcare, Inc. v. Central State Joint Board Health & Welfare Trust Fund*, 538 F.3d 594 (7th Cir. 2008) (state-law claims brought by a provider against an ERISA plan not completely preempted; ordering case remanded to state court); *Marin Gen. Hospital v. Modesto & Engine Traction Co.*, 581 F.3d 941 (9th Cir. 2009) (state-law claims brought by a provider not completely preempted; ordering case remanded to state court).

In the face of this settled authority, UBH suggests the case is properly removable because TTS's claims "relate to" an ERISA Plan. Notice of Removal ¶ 11 (ECF No. 1). The "relates to" languages appears in ERISA's substantive preemption provision, which is ERISA section 514. 29 U.S.C. § 1144(a). Many claims are found to be substantively preempted if they "relate to" an ERISA plan. But that is substantive preemption (often called conflict preemption), a doctrine

that is separate and apart from complete preemption.  As the Tenth Circuit explained in *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1221 (10th Cir. 2011), section 514 "creates a *federal defense* of preemption to a substantive state-law claim that may be asserted in either state or federal court, but it does not of its own force create *federal jurisdiction"*.

TTS respectfully submits that this case belongs in State court, and should be remanded.

        DARRAH LAW OFFICE, P.C.

By:*/s/ S. Joseph Darrah*
    S. Joseph Darrah, WSB#6-2786
    Attorney for Plaintiff
    254 E. 2nd Street
    Powell, WY  82435
    (307) 754-2254
    (307) 754-5656 fax
    joey@darrahlaw.com

        YOUNG RICCHIUTI CALDWELL & HELLER

By:*/s/ Gregory B. Heller*
    Gregory B. Heller
    Attorney for Plaintiff
    1600 Market Street, Suite 3800
    Philadelphia, PA  19103
    (267) 546-1004
    (267) 546-1039 fax
    gheller@yrchlaw.com
    *Pro Hac Vice Application Forthcoming*

## CERTIFICATE OF SERVICE

      The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 29th day of March, 2019.

Amy M. Iberlin, Esquire
Williams, Porter, Day & Neville, P.C.
159 North Wolcott, Suite 400
Casper, WY  82602

Kadee J. Anderson
Stinson Leonard Street, LLP
50 S. Sixth Street, Suite 2600
Minneapolis, MN  55402

Donald T. Campbell
Stinson Leonard Street, LLP
50 S. Sixth Street, Suite 2600
Minneapolis, MN  55402

S. Joseph Darrah
254 E. 2nd Street
Powell, WY  82435

                                                       _____/S/_____
                                                        S. Joseph Darrah