FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 APR 22  AM 10:09

STEPHAN HARRIS, CLERK
CASPER

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

TRINITY TEEN SOLUTIONS, INC., a
Wyoming Corporation,

    Plaintiff,

v.

Case No. 19-CV-45-SWS

UNITED BEHAVIORAL HEALTH, a
California Corporation, d/b/a OPTUM,

    Defendant.

**ORDER DENYING REMAND TO STATE COURT**

    This lawsuit was originally filed in state court and removed by Defendant to federal court. Plaintiff filed a Motion to Remand seeking to return the lawsuit to state court on the basis of lack of subject matter jurisdiction. (Doc. 14.) Defendant opposed remand (Doc. 18), and the time for reply has expired. After considering the parties' positions, reviewing the record, and being otherwise fully advised, the Court finds the motion must be denied.

**BACKGROUND**

    Plaintiff Trinity Teen Solutions, Inc., operates a residential treatment center in Wyoming that provides behavioral and mental health services to teenage women. (Doc. 1 at p. 9.) Defendant United Behavioral Health is an insurance company. (*Id.* at pp. 9-11.) Plaintiff provided treatment services to N.E. in 2016 upon the request and authorization of N.E.'s parent or legal guardian. (*Id.* at p. 10; Doc. 19-3.) At the time,

N.E. was covered under a health insurance policy issued and administered by Defendant[1] ("the Plan"). (Doc. 1 at p. 13.) Defendant paid over $113,000 to Plaintiff for N.E.'s treatment, with the last payment occurring in November 2016. (*Id.* at p. 11.) Since then, though, Defendant has demanded Plaintiff return some (an amount currently unknown to the Court) of that money for alleged overpayment (*id.*), and Plaintiff refuses. N.E.'s guardian assigned any claim to the Plan benefits to Plaintiff. (Doc. 15 at p. 4; Doc. 19-3.) Plaintiff then filed a complaint in state court seeking declaratory judgment under Wyoming Statute § 1-37-103. (Doc. 1 at pp. 15-18.)

Defendant timely removed the case to federal court, asserting the case presents a question of federal law under the Employer Retirement Income Security Act of 1974 (ERISA). (Doc. 1.) Plaintiff contends it must be remanded back to state court because this Court lacks subject matter jurisdiction.

## **STANDARD FOR REMAND FOR LACK OF JURISDICTION**

Title 28 U.S.C. § 1447(c) requires a federal court to remand an action back to state court "before final judgment" whenever "it appears that the district court lacks subject matter jurisdiction." Subject matter jurisdiction refers to "the court's authority to hear a given type of case." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (quoting *United States v. Morton*, 467 U.S. 822, 828 (1984)). "[I]t represents 'the extent to which a court can rule on the conduct of persons or the status of things.'" *Id.* (quoting *Black's Law Dictionary* 870 (8th ed. 2004)).

---

[1] Defendant United Behavioral Health is "the plan's mental health administrator." (Doc. 18 at p. 1 n.1.) The claims administrator for the insurance plan is United Healthcare Services, Inc., which will be added as a party pursuant to stipulation. (*Id.*) For purposes of this Order, the Court will refer to both generically as "Defendant."

"A defendant may remove a civil action initially brought in state court if the federal district court could have exercised original jurisdiction." *Salzer v. SSM Health Care of Oklahoma Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (citing 28 U.S.C. § 1441(a)). "[T]he propriety of removal is judged on the complaint as it stands at the time of the removal." *Id.* at 1133 (10th Cir. 2014) (quoting *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991)). "The party invoking federal jurisdiction has the burden to establish that it is proper, and 'there is a presumption against its existence.'" *Id.* at 1134 (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

Subject matter jurisdiction here depends upon the existence of a "federal question" and the doctrine of "complete preemption."

> "One category of cases over which the district courts have original jurisdiction are 'federal question' cases; that is, those cases 'arising under the Constitution, laws, or treaties of the United States.'" *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (quoting 28 U.S.C. § 1331). In determining the existence of federal question jurisdiction, courts are "guided generally by the 'well-pleaded complaint' rule, under which a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based on federal law." *Turgeau v. Admin. Rev. Bd.*, 446 F.3d 1052, 1060 (10th Cir.2006) (quotation omitted). Thus, as a general matter, the plaintiff "may prevent removal to federal court by choosing not to plead a federal claim even if one is available." *Id.* (quotation and alteration omitted).

*Id.* Complete preemption is an exception to the general rule that a plaintiff can prevent removal through the well-pleaded complaint rule.

> The doctrine of "complete preemption," however, is "a corollary or an exception to the well pleaded complaint rule," under which "a state law cause of action may be removed to federal court on the theory that federal preemption makes the state law claim necessarily federal in character." *Id.*

> at 1061 (quotation omitted). "[O]nly a few federal statutes [] so pervasively regulate their respective areas that they have complete preemptive force; ERISA is one." *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1221 (10th Cir. 2011).

*Id.*

The question presented here, as in *Salzer*, is whether Plaintiff's claim is completely preempted by ERISA.

> "[C]auses of action within the scope of the civil enforcement provision of [ERISA] § 502(a) [are] removable to federal court." *Taylor*, 481 U.S. at 66, 107 S.Ct. 1542. In *Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004), the Supreme Court laid out a two-part test for determining whether a claim falls within the scope of the civil enforcement provision: "[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Id.* at 210, 124 S.Ct. 2488. The civil enforcement provision allows a plan participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

*Id.* at 1134–35.

## ANALYSIS

If Plaintiff's claim falls within the scope of the civil enforcement provision of ERISA by satisfying the two-part test of *Davila*, it is subject to ERISA's complete preemption and removable to federal court.

1. **Whether the claim, at some point in time, could have been brought under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).**

Plaintiff first argues Defendant, as the party seeking federal court jurisdiction, has not shown Plaintiff ever had standing to bring its claim under ERISA § 502(a)(1)(B).

(Doc. 15 at pp. 4-5.) For standing to bring a claim under ERISA § 502(a)(1)(B), the plaintiff must be a "participant, beneficiary, or fiduciary" under the Plan. 29 U.S.C. § 1132(a)(1)(B). Plaintiff acknowledges it obtained an assignment of benefits from N.E. but notes that many ERISA plans contain anti-assignment provisions. (Doc. 15 at p. 4.) The Plan at issue in this case does not prohibit assignments, though. (Doc. 19-1 at p. 85 ("To be recognized as a valid assignment of Benefits under the Plan, the assignment must ....").)

Defendant asserts the assignment received by Plaintiff here satisfies the Plan's requirements for a valid assignment. In addition to the assignment of benefits, Defendant notes that Plaintiff also "was granted an extremely comprehensive durable power of attorney, which far exceeds the Plan's requirements for a valid assignment of benefits." (Doc. 18 at p. 5.) Consequently, contends Defendant, "Because [Plaintiff] obtained both an assignment of benefits and a durable power of attorney from N.E.'s guardian relating to the claims at issue, this far exceeds the Plan's requirements for a valid assignment of benefits, and [Plaintiff] steps into the insured's shoes and has standing to bring a claim under ERISA § 502(a)(1)(B)." (Doc. 18 at p. 5.) The Court agrees. Defendant has established that the assignment and durable power of attorney (Doc. 19-3) executed in Plaintiff's favor provides it standing necessary to pursue the claim herein.

Plaintiff next contends its claim is not an ERISA § 502(a)(1)(B) claim. (Doc. 15 at pp. 5-6.) Section 502(a)(1)(B) allows a plan participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of

the plan[.]" ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). As the benefits were already paid in this case, the only potentially-applicable clause is the second, which allows a plan participant to enforce his or her rights under the plan. Plaintiff argues its claim is "an effort to obtain a declaration regarding contract rights as between [Plaintiff] and [Defendant]," and it "depends only and entirely on Wyoming contract law, not ERISA." (Doc. 15 at p. 6.) Defendant responds that it is "an action to enforce and clarify [Plaintiff's] rights under the terms of the Plan" because Plaintiff's request for declaratory judgment seeks "to declare that [Defendant's] actions that were required and authorized by the Plan were improper." (Doc. 18 at p. 6.)

To determine whether Plaintiff's cause of action falls within the scope of ERISA § 502(a)(1)(B), the Court examines the complaint, the relevant Wyoming statutes, and the Plan documents. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 211 (2004). Plaintiff essentially asserts that the authorization of services provided by Defendant (Doc. 19-2) constitutes a contract separate and apart from the Plan. This just isn't the case, though. Plaintiff's complaint asserts Defendant's duty to pay benefits arises out of the Plan in question. (Doc. 1 at p. 13.) The payments made by Defendant to Plaintiff were made under the Plan, and Defendant's later request for reimbursement was, at least allegedly, authorized by and pursuant to certain provisions in the Plan. (Doc. 18 at p. 6.) Even the authorization relied upon by Plaintiff notes that "[p]ayment for services described in this letter is subject to the member's eligibility at the time services are provided, including employment or Healthcare Exchange premium payment status, benefit plan limitations, and availability of remaining coverage." (Doc. 19-2.) Absent the Plan, the authorization

upon which Plaintiff relies would never have existed. This lawsuit "do[es] not arise independently of ERISA or the plan terms." *Davila*, 542 U.S. at 212. It is a fight over coverage promised under the terms of an ERISA-regulated plan. Consequently, it involves Plaintiff's and Defendant's abilities "to enforce [their] rights under the terms of the plan." ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). The complaint, at some point in time, could have been brought under ERISA § 502(a)(1)(B), thus satisfying the first step of the two-part *Davila* test.

2.  **Whether there is an independent legal duty implicated by Defendant's actions.**

Plaintiff says its claim arises under a legal duty independent of ERISA: "namely, Wyoming contract law." (Doc. 15 at p. 6.) Plaintiff contends its cause of action is a breach-of-contract claim at its core, and the contract is distinct from any ERISA-governed plan. (*Id.* at pp. 6-9.) But interpretation of the ERISA Plan in this case is necessary to determine the parties' rights and obligations. That is, "interpretation of the terms of [the Plan] forms an essential part of [Plaintiff's] claim, and [contractual] liability would exist here only because of [Defendant's] administration of [the] ERISA-regulated benefit plan[]." *Davila*, 542 U.S. at 213. Defendant's potential contractual liability "derives entirely from the particular rights and obligations established by the benefit plan[]." *Id.* Plaintiff's contractual cause of action is "not entirely independent of the federally regulated contract itself." *Id.*

The ERISA-regulated Plan necessarily will determine whether some of the benefits paid out by Defendant under the Plan must be returned by Plaintiff. Therefore,

Plaintiff's cause of action falls "'within the scope of' ERISA § 502(a)(1)(B), *Metropolitan Life*, 481 U.S. at 66, 107 S. Ct. 1542, and [is] therefore completely pre-empted by ERISA § 502 and removable to federal district court." *Id.* at 214. The second step of the two-part *Davila* test is also met here.

## CONCLUSION AND ORDER

Plaintiff's cause of action is completely preempted by ERISA and overcomes the well-pleaded complaint rule in this case. This federal court has jurisdiction over the federal question presented in this case, and the matter was properly removed from state court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 14) is **DENIED**.

DATED: April 22nd, 2019.

                                      Scott W. Skavdahl
                                      United States District Judge